## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| JAMES JOYCE and SUSAN JOYCE, on behalf of themselves and all others similarly situated, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 1:18-CV-2317 |
| DEBT RECOVERY SOLUTIONS OF OHIO, INC., MURPHY LAW OFFICE, LLC, MURPHY PETTY LTD., and CHRISTOPHER MURPHY, | **JURY DEMAND** |
| Defendants. | |

## COMPLAINT

Now come JAMES JOYCE and SUSAN JOYCE ("Plaintiffs"), by and through their attorneys, complaining as to the conduct of DEBT RECOVERY SOLUTIONS OF OHIO, INC. ("DRS"), MURPHY LAW OFFICE, LLC ("MLO"), MURPHY PETTY LTD. ("MP"), and CHRISTOPHER MURPHY ("Murphy," and together with DRS, MLO, and MP, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendants' unlawful conduct.

[ 1 ]

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because:

    a. Defendants' collection communications and conduct impacted Plaintiffs within this District;

    b. Defendants do or transact business within this District.

    c. Defendant DRS is headquartered within this District.

## PARTIES

4. Plaintiffs James Joyce and Susan Joyce are individuals who reside in the Northern District of Ohio. They are a married couple.

5. Defendant DRS is an Ohio corporation registered at 1669 Lexington Ave., Suite A, Mansfield, OH.

6. DRS is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. DRS is a debt collector as defined in the FDCPA.

8. Defendant MLO is a law firm organized as an Ohio limited liability company, with its principal offices at 5 W. Main St., Ste. 300, Westerville, OH 43081.

9. MLO is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, especially on behalf of DRS.

10. MLO is a debt collector as defined in the FDCPA.

[ 2 ]

11. Defendant MP is a law firm organized as an Ohio limited liability company, with its principal offices at 5 W. Main St., Ste. 300, Westerville, OH 43081.

12. On information and belief, MP is the successor in interest to MLO.

13. MP is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, especially on behalf of DRS.

14. MP is a debt collector as defined in the FDCPA.

15. Defendant Murphy is an individual and an Ohio attorney, bar number 0086746, who may be found at 5 W. Main St., Ste. 300, Westerville, OH 43081.

16. Murphy is a member of both MP and MLO.

17. Murphy is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, especially on behalf of DRS.

18. Murphy is a debt collector as defined in the FDCPA.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

20. On or about March 9, 2018, Plaintiffs James Joyce and Susan Joyce each received by ordinary mail one copy of a summons, complaint, and associated exhibits. A copy of the complaint and associated exhibits are attached as Exhibit A.

21. That complaint was filed on March 7, 2018 in Mansfield Municipal Court, and sought payment of an alleged debt of $1028.92, consisting of allegedly unpaid medical bills and prejudgment interest.

22. The complaint was signed by Murphy in his capacity as a member of MLO, and it was filed on behalf of DRS as plaintiff.

23. The complaint and summons were followed, before exhibits, by a partial 1692g notice, which stated: "The debt(s) described in the Complaint will be assumed valid unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt or some portion thereof."

24. On information and belief, DRS's agreement with Murphy, MLO, and/or MP gives DRS the authority to prevent the inclusion of this notice with complaints filed on its behalf.

25. No provision of law requires or authorizes the inclusion of the quoted statement in a complaint. It is not part of the allegation of any cause of action and is not required or authorized by any state or federal law.

26. The quoted statement was gratuitously included to mislead consumers.

27. Plaintiff Susan Joyce read the first page of the complaint, and she felt that she more-or-less understood it. However, she was unable to make sense of the remaining documents in the mailing, including the page with the partial 1692g notice.

28. Plaintiff James Joyce was troubled by the language of the partial 1692g notice.

29. Plaintiffs took the summons, complaint, and associated documents to Josh Brown, their attorney of 17 years, to help them understand the confusing interaction of the summons, complaint, partial 1692g notice, and exhibits.

30. The language of the partial 1692g notice is false and misleading in that it contradicts the instructions included in the summons, which provides that the recipient must serve an answer within twenty-eight (28) days, rather than the thirty (30) days specified in the partial 1692g notice.

31. Additionally, 15 U.S.C. 1692g(3), when describing the language required to comply with 1692g, requires "a statement that unless the consumer . . . disputes the validity of the debt, or any portion thereof, the debt will be assumed valid *by the debt collector*." (emphasis added).

32. The language of the partial 1692g notice included with the complaint lacked the vital clarifying language "by the debt collector." It therefore created the misleading impression, included as it was with a ream of court documents, that unless the recipient disputed the debt directly with MLO, the debt would be assumed valid by the court.

33. Additionally, the lack of such vital clarifying language leaves open the possibility that the debt will be assumed valid by parties other than the debt collector or the court, including, for example, credit reporting agencies.

34. It is also misleading because the word "disputed" suggests some action other than filing an appearance and answer or motion, in accordance with the summons.

35. The creation of uncertainty concerning the manner in which consumers can defend collection lawsuits is consistent with and furthers a scheme to secure default judgments, in a manner contrary to the language and purpose of the FDCPA.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and realleges the paragraphs above as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

38. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purpose of their businesses is the collection of debts and because they use the instrumentalities of interstate commerce to do so. In the alternative, Defendants are "debt collector[s]" under § 1692a(6) because they regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to others.

39. DRS identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

40. Lawyers and law firms engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others are debt collectors under the FDCPA. *Crossley v. Lieberman*, 868 F.2d 566, 569 (3d Cir. 1989).

41. The subject alleged debt is a "debt" as defined by § 1692a(5) of the FDCPA because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a debt for personal medical treatment.

     **a. Violations of FDCPA § 1692e.**

42. The FDCPA, pursuant to 15 U.S.C. § 1692e, forbids debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43. A communication that contains a warning that a debt will be assumed valid without limitation, rather than simply that the debt collector will assume the debt valid, is misleading because it implies that the debt might be assumed valid by the court, by credit reporting agencies, or by any number of other entities. *See Hart v. FCI Lender Services*, 797 F.3d 219, 229 (2d Cir. 2015) ("Indeed, defective § 1692g notices pose particular dangers to consumers. Here for instance, because the Letter states that the debt will, after thirty days, be 'assumed to be valid,' a consumer who fails timely to act upon the Letter might believe that she has forfeited her right to challenge the accuracy of FCI's debt assessment."); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 813 (7th Cir. 2016); *Orr v. Westport Recovery Corp.*, 941 F. Supp. 2d 1377, 1382 (N.D. Ga. 2013).

44. Defendants violated § 1692e when Murphy, acting as a member of MLO and as agent for DRS, included with the complaint and summons a partial 1692g notice that misled Plaintiffs as to their rights.

     **b. Violations of FDCPA § 1692g.**

45. The FDCPA, pursuant to 15 U.S.C. § 1692g, requires each new debt collector to send written notice with, or within five days of, their initial communication with a consumer. *Wright v. Ocwen Loan Servicing, L.L.C.*, 2013 WL 5532687, at *__ (E.D.

[ 7 ]

Mich. Oct. 7, 2013); *Turner v. Shenandoah Legal Group, P.C.*, 2006 WL 1685698, at *11 (E.D.Va. June 12, 2006).

46. Published FTC commentary states that "an attorney who regularly attempts to collect debts . . . must provide the required notice, even if a previous debt collector . . . has given such notice." FTC Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097-02, 50108-02 (December 13, 1988); *see also Frey v. Gangwish*, 970 F.2d 1516 (6th Cir. 1992) (holding that creditor's attorney was required to include a 1692g notice in his initial communication, despite creditor having included such notice in prior communication).

47. In his first communication with Plaintiffs, Murphy, acting as a member of MLO and as agent for DRS, included a notice covering some of the information required by 1692g. That notice was thus an initial communication from a new debt collector to Plaintiffs and 1692g required that it be accompanied by a compliant notice.

48. The FDCPA, pursuant to § 1692g(a)(3), requires that a 1632g notice include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." (emphasis added).

49. Defendants violated § 1692g when Murphy, acting as a member of MLO and as agent for DRS, sent an initial communication that contained a notice warning that the debt in question would be assumed valid if Plaintiffs failed to dispute it, without specifying whether the debt would be assumed valid by the court, by credit reporting agencies, by the debt collector, or by all concerned.

## CLASS ALLEGATIONS

50. Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

51. The class consists of (a) all individuals in Ohio, (b) against whom Murphy, MLO, or MP filed a complaint on behalf of DRS, (c) containing the 1692g notice language quoted in paragraph 23, *supra*, (d) which complaint was mailed on or after October 4, 2017 and prior to October 4, 2018, (e) who have not released their claims.

52. The class is so numerous that joinder of all members is not practicable. On reference and belief, there are over 100 class members.

53. There are questions of law and fact common to the class members that predominate over any questions relating to individual class members. The predominant question is whether the language complained of violates the FDCPA.

54. Plaintiffs' claims are typical of the claims of all class members. All are based on the same factual and legal theories.

55. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained competent counsel familiar with FDCPA and class action litigation and possessing the resources necessary to pay for class notice and discovery costs.

56. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and the class and against Defendants for:

**a.** Statutory damages of $1,000 per Plaintiff;

**b.** Statutory damages of $1,000 per class member per alleged debt, up to the lesser of $500,000 or 1% of Defendants' net worth, for the class;

**c.** Awarding James Joyce and Susan Joyce, as class representatives, statutory damages of $1,000;

**d.** Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

**e.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: October 4, 2018

                               s/ Geoffrey C. Parker
                               *Trial Attorney*

                               Geoffrey C. Parker (0096049)
                               gparker@hiltonparker.com
                               Jonathan L. Hilton (0095742)
                               jhilton@hiltonparker.com
                               HILTON PARKER LLC
                               10400 Blacklick-Eastern Rd. NW
                               Suite 110
                               Pickerington, OH 43147
                               Tel: (614) 992-2277
                               Fax: (614) 427-5557
                               *Attorney for Plaintiffs*